## S. L. SHAFFER vs. SAMUEL SAWYER.

Worcester.   October 2. — 3, 1877.   ENDICOTT & LORD, JJ., absent.

A. sold a sewing machine to B. under an agreement in writing, by the terms of which the title was to vest in him on payment of the price. In an action of replevin of the machine by A., there was evidence that A.'s agent delivered the machine to B. and agreed to take in part payment labor performed by B. for him. B. offered evidence that, prior to the execution of the agreement, he told A. of his agent's agreement, and A. assented thereto ; and that, after the execution of the agreement, A.'s agent told him that part payment should be so made, and that A. agreed thereto. The presiding judge refused to instruct the jury that if the agent had authority to make the agreement, they must find a verdict for A. ; that a performance of the agreement by B. would not vest the title in him, and that A. would still have such title as would enable him to maintain his action ; but instructed them that if the agent had authority to make the agreement, and B. performed it, then A. had no such title to the property as would enable him to maintain the action. *Held*, that the evidence was admissible, on the questions whether A.'s agent had authority to modify the written agreement, and whether he did modify it. *Held, also*, that A. had no ground of exception to the refusal to give the instructions requested, or to those given.

REPLEVIN of a sewing machine. At the trial in the Superior Court, before *Wilkinson*, J., the plaintiff offered in evidence the following agreement, signed by the defendant : " Office of S. L. Shaffer, general agent for Worcester County for the Singer Sewing Machine. Worcester, Mass., June 12, 1874. This is to certify that I have received of S. L. Shaffer one Singer Sewing Machine numbered 983381, 777381, with the appurtenances thereto belonging, delivered to me that day, under a contract

for the sale thereof; and for which I will pay the sum of twenty-five dollars on 20th inst., and have furthermore given my note for eighty dollars, payable in four equal monthly payments at the office of said S. L. Shaffer, in the city and county of Worcester, Mass., on the twentieth day of each successive month from this date. And it is mutually agreed and understood that when the sum of eighty dollars shall have been paid by said monthly payments, I am entitled to and shall receive a good and effectual bill of sale thereof. But in case of failure to make said payments or any of them, I hereby agree to deliver up said machine to the said S. L. Shaffer, or his order, in as good condition as the same now is, reasonable use and wear thereof excepted; in which case, or in case of a violation of any of the agreements herein mentioned, I hereby authorize, empower and direct the· said S. L. Shaffer or his agents, to enter the premises wherever said machine may be, and take and carry the same away; and I hereby exonerate the said Shaffer, his servants and agents, of and from all and any claim for damages which I might have against said Shaffer, his servants and agents, or any or either of them, for so doing; it being agreed by the parties hereto, that until the full price of said machine has been paid as above, it is the property of S. L. Shaffer, and is not to be removed from my present residence in Millbury, without his consent, nor be secreted, disposed of, underlet, or attempted to be sold, nor be injured by misuse or neglect, or by improper management."

The plaintiff also offered evidence tending to prove the payment of $58, and no more, a demand made upon the defendant for the machine, and a refusal by him to deliver the same to the plaintiff. On cross-examination, the plaintiff denied that the defendant, at an interview prior to the date of the agreement, told him that his agent had agreed to take part payment for the machine in work, and that he had then agreed with the defendant that part payment might be so made.

The defendant introduced evidence tending to show that the machine was delivered to him by the agent of the plaintiff at a time prior to the date of the agreement, and that, at the time of the delivery, the agent agreed to take in part payment certain labor performed by the defendant for the agent; and that, prior to the execution of the agreement, he told the plaintiff that his

agent had agreed that the defendant's bill against the agent should be applied in part payment of the price of the machine, and that the plaintiff had thereupon assented to the agreement. This evidence was, against the plaintiff's objection, admitted on the question whether the plaintiff's agent was authorized to take payment for machines in labor.

The defendant also offered evidence tending to show that, after the execution of the agreement, the agent of the plaintiff said to him that his bill against him should be applied in part payment of the price of the machine, and that the plaintiff had agreed that such application should be made. The judge admitted the evidence, against the plaintiff's objection.

The plaintiff asked the judge to instruct the jury as follows. "If the jury find that the plaintiff's agent had authority to agree to apply the defendant's bill against him as part payment for the machine, and as part performance of his agreement, then they must find for the plaintiff; that a performance of his agreement did not vest the title in the defendant; and that, notwithstanding the performance of the agreement, the plaintiff would still have such title as to enable him to maintain his action."

The judge refused so to rule, but instructed the jury that if the agent of the plaintiff had authority to make the agreement testified to by the defendant, and the defendant had performed the agreement, then the plaintiff had no such title to the property as would enable him to maintain this action. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. Hopkins*, for the plaintiff.

*F. T. Blackmer*, for the defendant.

BY THE COURT. The defendant received the property under a conditional sale, by the terms of which the title was to vest in him on payment of the price. Although the original contract was in writing, the manner of payment might be modified by subsequent agreement. The questions at the trial appear to have been, 1st, whether the plaintiff's agent had authority to modify the manner of payment; and, 2d, whether he did agree to such modification after the execution of the original contract. The earlier part of the evidence objected to was competent upon

the first question, and the latter part upon the second question. There was no error in the refusal to give the instructions requested, or in the instructions given.     *Exceptions overruled.*